UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| APRYL BARNES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11-CV-991 (CEJ) |
| CAREER EDUCATION CORP. and SANFORD BROWN COLLEGE, INC., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the record following removal from the Twenty-First Judicial Circuit Court (St. Louis County, Missouri) to determine whether subject-matter jurisdiction exists. See City of Kansas City, Mo. v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010) (federal courts have independent duty to determine subject matter jurisdiction).

On May 23, 2011, plaintiff Apryl Barnes filed this action in state court alleging that defendants Sanford Brown College, Inc., (Sanford Brown) and Career Education Corporation (CEC) fraudulently induced her to enroll in their technical institution. On June 2, 2011, defendants CEC and Sanford Brown, through its successor Sanford-Brown College, LLC (SBC),[1] removed the action to this Court, asserting jurisdiction based on diversity of citizenship. See 28 U.S.C. §§ 1332, 1441(a).

Diversity jurisdiction exists in cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs,[2] and the citizenship of each plaintiff is diverse

---

[1] Defendants state that Sanford-Brown College, Inc., merged with and into Sanford-Brown College, LLC.

[2] The amount-in-controversy requirement is satisfied: plaintiff seeks actual damages for tuition, fees, books, supplies, and equipment, together with interest on

from the citizenship of each defendant. 28 U.S.C. § 1332. The party seeking removal has the burden to establish federal subject-matter jurisdiction. <u>Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.</u>, 561 F.3d 904 (8th Cir. 2009). All doubts about federal jurisdiction must be resolved in favor of remand. <u>In re Business Men's Assur. Co. of America</u>, 992 F.2d 181, 183 (8th Cir. 1993). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. § 1447(c).

A removal notice must make the basis for federal jurisdiction clear and contain enough information so that the court can determine whether jurisdiction exists. 14C Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 3733 (4th ed. 2009). A notice of removal that fails to contain an allegation of a defendant corporation's dual citizenship -- the state of incorporation and the state of its principal place of business -- is defective when diversity is the basis for removal. <u>Id.</u> For limited liability companies such as SBC, the Court must examine the citizenship of each member of the limited liability company to determine diversity. <u>GMAC Comm. Credit, LLC v. Dillard Dep't Stores, Inc.</u>, 357 F.3d 827, 829 (8th Cir. 2004).

In their removal notice defendants state that plaintiff is a citizen of the State of Missouri; that defendant CEC is incorporated in Delaware with its principal place of business in Illinois; and that defendant SBC is a limited liability company organized under the laws of Delaware with its principal place of business in Illinois. Defendants do not identify SBC's members or allege the state(s) of which each of its members is

---

student loans. She also seeks punitive damages and attorney's fees and costs.

a citizen. Thus, the notice of removal does not allege facts sufficient to establish the Court's jurisdiction.

The Court will provide defendants the opportunity to file an amended notice of removal setting forth the facts supporting the claim of federal jurisdiction, consistent with 28 U.S.C. § 1446(a). If the information in the amended notice is insufficient to establish jurisdiction or if no amended notice is filed, the Court will dismiss this action and remand it to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants shall have until **June 20, 2011**, to file an amended notice of removal containing facts establishing this Court's subject-matter jurisdiction.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2011.